UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DORI BECKWITH, | Case No. 2:13-CV-125 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| ROBERT POOL, ESQ., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Dori Beckwith's motion for default judgment against defendant Robert Pool. (Doc. # 57). Defendant Robert Pool filed an untimely opposition (doc. # 61), and Beckwith filed a reply (doc. # 62).

Also before the court is Beckwith's emergency motion for Federal Rule of Civil Procedure 54(b) certification. (Doc. # 63).[1]

**I.  Background**

This case arises out of Beckwith's arrest for an unpaid traffic ticket and subsequent detention in the City of Henderson Detention Center ("HDC").

Beckwith's claims against Pool arise out of Pool's representation of Beckwith's January 7, 2011, speeding ticket and the consequences of its unpaid balance. Beckwith hired Pool to help with the ticket. (Doc. # 50 at 2). Pool successfully reduced the ticket to a parking violation with a $179 fine. (*Id.*). It is undisputed that Beckwith contacted Pool's office to determine how to submit payment of the fine and that she did not receive a response. (*Id.*). Beckwith did not have

---

[1] Beckwith seeks Rule 54(b) certification as to claims involving the other defendants in this action against whom final judgment has already been determined. Because the instant motion resolves the case with respect to all defendants, Beckwith's request will be denied as moot.

**James C. Mahan**
**U.S. District Judge**

any further contact with Pool's office or take any additional steps to determine how to pay the reduced fine. (*Id.*). This unpaid balance resulted in the bench warrant that led to Beckwith's detention.

Beckwith filed suit in state court and defendants removed the action to this court. (Doc. # 1). Beckwith asserted various federal and state claims against the City of Henderson and officers Saunders and Rye. Beckwith also brought suit against Pool for three state-law claims: (1) negligence and legal malpractice; (2) breach of contract; and (3) breach of fiduciary duty. (Doc. # 18). The other defendants attempted to contact Pool's counsel on multiple occasions regarding the case's status, but never received a response. (Doc. # 54 at 3; exh 1–2).

On May 1, 2015, the court granted summary judgment for the City of Henderson and officers Saunders and Rye on all claims brought against them. (Doc. # 56). Subsequently, Beckwith filed the instant motion for default judgment against the lone remaining defendant, Robert Pool. (Doc. # 57).

**II.   Legal standard**

Default judgment is appropriate "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ." Fed. R. Civ. P. 55(a). Federal Rule of Civil Procedure 55(b)(2) provides that "a court may enter a default judgment after the party seeking default applies to the clerk of the court as required by subsection (a) of this rule." Fed. R. Civ. P. 55(b)(2).

Obtaining a default judgment entails two steps: "first, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party." *See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006). Where a party has not been properly served, there is no basis for a court to enter default judgment. *See Fairly v. Potter*, 2003 WL 402261, *4 (N.D. Cal. 2003).

The choice whether to enter a default judgment lies within the discretion of the trial court. *Aldabe v. Aldabe*, 616 F.3d 1089, 1092 (9th Cir. 1980). In the determination of whether to grant

**James C. Mahan**
**U.S. District Judge**

a default judgment, the trial court should consider the seven factors articulated in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). These factors are: (1) the possibility of prejudice to plaintiff, (2) the merits of the claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute concerning material facts, (6) whether default was due to excusable neglect, and (7) the policy favoring a decision on the merits. *Id.* In applying these *Eitel* factors, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977); *see* Fed. R. Civ. P. 8(d).

### III. Discussion

Pool has been generally absent from the instant litigation. On October 16, 2013, Beckwith filed a "notice of intent to take default judgment." (Doc. # 25). Beckwith filed her complaint on January 3, 2013. (Doc. # 1). On October 23, 2013, Beckwith's counsel spoke with Pool's counsel, who claimed he was unaware an answer was due and asked for an additional week to respond. (Doc. # 54 at 3; exh. 3). Beckwith's counsel agreed to the extension. (*Id.*). Despite opposing counsel's extension, Pool never filed an answer or otherwise responded to plaintiff's complaint. The deadline date for filing an answer has long passed.

Beckwith filed a motion for entry of clerk's default on November 5, 2013. (Doc. # 26). The clerk of the court entered default against Pool on December 18, 2013. (Doc. # 29). Still, the court heard nothing from Pool. Finally, on January 14, 2015, more than a year after the clerk's entry of default, Pool filed a motion to set aside default. (Doc. # 50). The court declined to set aside default. (Doc. # 56).

Beckwith has properly complied with Rule 55. Pool has not answered and has essentially declined to appear by failing to participate in the litigation, save joining a motion for summary judgment, seeking to have the clerk's entry of default set aside, and filing a tardy response to the instant motion for default judgment.

The court has already addressed Pool's arguments as to why default judgment should not be entered when it declined to set aside the clerk's entry of default. (Doc. # 56). Therefore, after considering the *Eitel* factors, the court finds it appropriate to enter default judgment against Pool.

**James C. Mahan**
**U.S. District Judge**

Beckwith seeks damages for legal negligence, pain, suffering, and emotional trauma, legal fees and costs, any and all past and future interest accrued, and any other relief the court deems just and proper. Beckwith does not request any specific amount of damages or discuss the reasonability of damages in any way. Beckwith merely requests a prove-up hearing to determine the amount of damages. The court declines to grant a hearing at this time. Beckwith shall submit a proposed judgment with a supplement explaining any damage award to which she is entitled.

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that plaintiff Dori Beckwith's motion for default judgment (doc. # 57) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that Beckwith shall prepare an appropriate judgment.

IT IS FURTHER ORDERED that Beckwith's emergency motion for Federal Rule of Civil Procedure 54(b) certification (doc. # 63) be, and the same hereby is, DENIED as moot.

DATED July 6, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -