1

2

3

4                    UNITED STATES DISTRICT COURT

5                        DISTRICT OF NEVADA

6                              * * *

7    DORI BECKWITH,                          Case No. 2:13-CV-125 JCM (NJK)

8                         Plaintiff(s),                    ORDER

9         v.

10   ROBERT POOL, ESQ., et al.,

11                       Defendant(s).

12

13          Presently before the court is plaintiff Dori Beckwith's proposed default judgment against

14   defendants Robert Pool, Esq. ("attorney Pool") and Robert Pool, P.C. (the "firm"). (Doc. # 65).

15          This case arises out of Beckwith's arrest for an unpaid traffic ticket and subsequent

16   detention in the City of Henderson Detention Center ("HDC").

17          Beckwith's claims against Pool arise out of Pool's representation of Beckwith's January 7,

18   2011, speeding ticket and the consequences of its unpaid balance. Beckwith hired Pool to help

19   with the ticket. (Doc. # 50 at 2). Pool successfully reduced the ticket to a parking violation with a

20   $179 fine. (*Id.*). It is undisputed that Beckwith contacted Pool's office to determine how to submit

21   payment of the fine and that she did not receive a response. (*Id.*). Beckwith did not have any further

22   contact with Pool's office or take any additional steps to determine how to pay the reduced fine.

23   (*Id.*). This unpaid balance resulted in the bench warrant that led to Beckwith's detention.

24          Beckwith filed suit in state court. (Doc. # 1). This action was removed from state court by

25   terminated defendant Jutta Chambers and defendant City of Henderson on January 22, 2013. (Doc.

26   # 1). Beckwith asserted various federal and state claims against the City of Henderson and officers

27   Saunders and Rye. Beckwith also brought suit against Pool for three state-law claims: (1)

28   negligence and legal malpractice; (2) breach of contract; and (3) breach of fiduciary duty. (Doc. #

**James C. Mahan**
**U.S. District Judge**

1   18). The other defendants attempted to contact Pool's counsel on multiple occasions regarding the

2   case's status, but never received a response. (Doc. # 54 at 3; exh 1–2).

3       Ms. Beckwith filed a motion for entry of clerk's default with respect to defendants Mr.

4   Pool and his firm on November 5, 2013. (Doc. # 26). The clerk's office entered default on

5   December 18, 2013. (Doc. # 29). Defendants Mr. Pool and his firm filed a motion to set aside the

6   clerk's entry of judgment on January 14, 2015. (Doc. # 50). This court denied that motion on May

7   1, 2015. (Doc. # 56). On May 5, 2015, Ms. Beckwith filed a motion for default judgment against

8   defendants Mr. Pool and his firm. (Doc. # 57). On July 6, 2015, this court granted that motion.

9   (Doc. # 64).

10      In its order granting default judgment, the court ordered Ms. Beckwith to prepare an

11  appropriate judgment. The court declined to grant a prove-up hearing, but noted that Ms. Beckwith

12  was yet to request any specific amount of damages or discuss the reasonability of damages in any

13  manner. The court ordered Ms. Beckwith to submit with her proposed judgment a supplement

14  explaining any damage awards she is entitled to.

15      In her proposed judgment, Ms. Beckwith proposes damages of $403,626.84. This consists

16  of $100,000 in attorney's fees, $3,626.85 in legal costs, $100,000 for legal negligence, along with

17  an additional $100,000 for pain and suffering and $100,000 for emotional trauma due to Mr. Pool's

18  negligence.

19      Based on the record of Mr. Pool's undisputed, negligent conduct, the court finds that these

20  damages are not at all reasonable. Furthermore, Ms. Beckwith failed to provide a more than

21  conclusory explanation of why she was entitled to each of the negligence-based awards. Further,

22  her award for legal fees is based on a rough estimation of the time Ms. Beckwith's attorney has

23  spent litigating the *entire* case against all defendants. There is no attempt to allocate the hours

24  attributable to litigating against Mr. Pool and his firm and the hours attributable to other

25  defendants. Finally, Ms. Beckwith failed to submit a bill of costs with respect to her legal costs in

26  violation of Local Rule 54. *See* LR 54.

27      Because the court is not satisfied that Ms. Beckwith's supplementary information has

28  proven the damages award she requested, the court declines to enter Ms. Beckwith's proposed

James C. Mahan
U.S. District Judge

- 2 -

judgment. Instead, the court once again orders Ms. Beckwith to file a proposed judgment with a supplement that adequately proves that she is entitled to what will be a *reasonable* damages award.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the court DECLINES TO ENTER plaintiff Dori Beckwith's proposed default judgment against defendants Robert Pool, Esq. and Robert Pool, P.C.

IT IS FURTHER ORDERED that plaintiff Dori Beckwith shall prepare an appropriate judgment in accordance with this order.

DATED September 4, 2015.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 3 -