UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| DORI BECKWITH, | Case No. 2:13-CV-125 JCM (NJK) |
| Plaintiff(s), | ORDER |
| v. | |
| ROBERT POOL, ESQ., et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Dori Beckwith's motion to remand to state court. (ECF No. 69). Defendants City of Henderson ("Henderson"), Officer J. Saunders, and Office Kimberly Rye filed a response (ECF No. 71), and plaintiff filed a reply. (ECF No. 72).

Also before the court is plaintiff's proposed amended default judgment against defendants Robert Pool and Robert Pool, P.C. (the "Pool defendants"). (ECF No. 67).

**I. Motion to Remand**

Plaintiff initiated this action in state court, bringing claims under state law and 42 U.S.C. § 1983. Defendant City of Henderson then removed the action to this court (ECF No. 1) and filed a motion to dismiss.[1] (ECF No. 8). The court granted the motion in part and denied it in part. (ECF No. 17 at 10–11). All of plaintiff's state law claims against Henderson were dismissed, except for one claim of negligence.

Plaintiff then filed a second amended complaint adding Officers Saunders and Rye as defendants. (*See* ECF No. 18). Saunders, Rye, and Henderson then moved for summary judgment.

---

[1] Defendant Jutta Chambers jointly removed the case and filed the motion to dismiss with Henderson. After the motion was granted in part, plaintiff filed an amended complaint, which did not name Chambers as a defendant. (*See* ECF No. 18). Chambers is therefore no longer a party to this litigation.

**James C. Mahan**
**U.S. District Judge**

(ECF No. 45). The court granted the motion after resolving plaintiff's remaining § 1983 claims in favor of defendants. (*See* ECF No. 56 at 17). The court therefore declined jurisdiction over the remaining state law negligence claim and dismissed it without prejudice. *See Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996); (*id.*).

All of plaintiff's state law claims were thus dismissed via the court's orders resolving defendants' motion to dismiss (*see* ECF No. 17) and motion for summary judgment. (*See* ECF No. 56). Instead of filing a new case on the dismissed state law claims, plaintiff attempted to reopen the state court case that was removed to this court and litigate the claims there. (*See* ECF No. 69-1 at 2). She did so by filing a third amended complaint in the state court action. (*Id.*) Henderson, Saunders, and Rye filed a motion to dismiss, arguing, amongst other things, that this court had not remanded those claims to the state court, it had dismissed them. The state court judge granted the motion on those grounds. (*See id.* at 3–4).

Plaintiff now asks this court to remand claims to state court that it has previously dismissed. She provides no authority or explanation of how the court would go about remanding claims that it has already dismissed and are no longer before it, nor does she ask the court to reconsider any of its orders dismissing those claims. (*See* ECF No. 69).

The court cannot and will not revive plaintiff's state law claims from dismissal and remand them to the state court. Instead, if plaintiff wishes to pursue those claims, she may file a new action in state court, to the extent the claims are not time-barred due to counsel's ill-advised attempt to litigate them in the case from which this matter was removed. The motion to remand is denied.

**II.     Proposed default judgment against the Pool defendants.**

On July 6, 2015, the court granted plaintiff's motion for default judgment against the absent Pool defendants. (ECF No. 64). Plaintiff had requested a prove-up hearing to determine damages. (*See* ECF No. 57). The court declined to hold such a hearing, and instead ordered plaintiff to submit a proposed judgment with a supplement proving any damages she thought she was entitled to. (ECF No. 64 at 4).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Instead, Ms. Beckwith submitted a two-page brief[2] containing conclusory allegations that she had experienced pain and suffering entitling her to $100,000 in damages, that she suffered emotional trauma entitling her to $100,000 in damages, that the Pool defendants' "legal negligence" entitled her to another $100,000 in damages, that she had incurred legal fees of *exactly* $100,000, and that, in the process, her attorney had incurred $3,626.84 in legal costs. (ECF No. 65). She argued that she was thus entitled to an award of $403,626.84. (*Id.*)

The court rejected that argument and declined to enter judgment. (ECF No. 66). The court found that Ms. Beckwith had failed to show she was entitled to any of those awards. (*Id.*) The court therefore instructed Ms. Beckwith to file another proposed judgment and supplement:

> [b]ecause the court is not satisfied that Ms. Beckwith's supplementary information has proven the damages award she requested, the court declines to enter Ms. Beckwith's proposed judgment. Instead, the court once again orders Ms. Beckwith to file a proposed judgment with a supplement that adequately proves that she is entitled to what will be a *reasonable* damages award.

(*Id.* at 2–3).

Again, to the court's dismay, Ms. Beckwith has filed a two-page brief that resembles neither a proposed judgment nor a supplement. (ECF No. 67). Again, plaintiff provides no proof of the damages she claims she suffered, no authority for her legal entitlement to those damages, no proposed order, and no supplement. (*See id.*) She instead arbitrarily halved a few of the damages categories, resulting in a total award of $251,815.17, and added proximate cause language.

The plaintiff does not need to prove the elements of the claim—the court already granted the motion for default judgment. Instead, plaintiff needs to prove that she suffered damages. She has provided no evidence of actual damages, emotional damages, pain and suffering damages, and has admitted counsel was retained on a contingency basis, making legal fees irrelevant.[3][4]

---

[2] The court notes that a brief is neither a proposed judgment nor a supplement.

[3] Moreover, a prevailing party must move for attorney's fees, not include them in a judgment.

[4] Again, the court refers the plaintiff to Local Rule 54-1, as amended May 1, 2016. *See* D. NEV. R. LR 54-1. A bill of costs is the appropriate vehicle for recovering the legal costs. Contrary to Beckwith's assertions, she is a prevailing party when default judgment is entered on her behalf; the rule is thus applicable.

**James C. Mahan**
**U.S. District Judge**

The court has afforded plaintiff multiple opportunities to prove by competent evidence that she suffered damages as a result of the Pool defendants' negligence. The court even highlighted the deficiencies in her first submission and provided an opportunity for her to cure those deficiencies. Instead, she submitted essentially the same materials with a slightly reduced, yet still outlandish, damages request. Again, no proof of the damages was included in the supplement ordered by the court.

Ms. Beckwith has had two opportunities to put forth evidence of damages. She has neglected to do so and thereby indicated to the court that she does not possess any evidence capable of establishing a damages award. Thus, with no evidence of damages before it, the court finds that there are no damages. The court will therefore enter default judgment against the Pool defendants for a nominal damages award of $1.00.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Dori Beckwith's motion to remand to state court (ECF No. 69) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that plaintiff Dori Beckwith's proposed judgment (ECF No. 67) be, and the same hereby is, REJECTED.

IT IS FURTHER ORDERED that the parties' stipulation to extend time (ECF No. 70) be, and the same hereby is, DENIED as moot.

The clerk shall enter a judgment consistent with this order and the court's July 6, 2015, order. (ECF No. 64). The clerk shall then close the case.

DATED July 25, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -